UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PERFORMANCE SERVICES, INC.  *Plaintiff,*  <br><br>V.  <br><br>HARMONY BUSINESS CONSULTING, LLC AND ANTONIO GONZALEZ, III  *Defendants* | § § § § § § § § § § § § § Civil Action No. 1:22-cv-00133 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff, **PERFORMANCE SERVICES, INC.,** and files this Original Complaint, complaining of Defendants, **HARMONY BUSINESS CONSULTING, LLC and ANTONIO GONZALEZ, III,** and in support thereof, would show the Court more fully as follows:

**I.
PARTIES AND SERVICE OF CITATION**

1. Plaintiff is a corporation headquartered in Indianapolis, Indiana. Plaintiff may be served with all pleadings and communications through its undersigned attorney of record, as indicated below.

2. Defendant, **HARMONY BUSINESS CONSULTING, LLC,** is a domestic limited liability corporation organized and having existed during the relevant time period under the laws of the State of Texas, and whose principal office was located at 1513 Serengeti Way, Weslaco,

Texas 78596-9625, was authorized to do business in Texas and may be served with process by serving its registered agent: Antonio Gonzalez III at 1513 Serengeti Way, Weslaco, Texas 78596-9625. *Citation is hereby requested for this Defendant at this time.*

3. Defendant, **ANTONIO GONZALEZ, III** is an individual residing in Hidalgo County, Texas, and may be served with process at his residence at 1513 Serengeti Way, Weslaco, Texas 78598-9625. *Citation is hereby requested for this Defendant at this time.*

## II.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 USCA § 1332(a)(1) because there is a diversity of citizenship and the amounts in controversy exceed $75,000.

2. The Court has personal jurisdiction over Defendants due to their residing and being based in Texas, and all actions giving rise to the issues at bar occurred in Texas.

3. Venue is proper pursuant to 28 USCA § 1391(b)(2) because a substantial part of the actions and/or omissions giving rise to this claim occurred in within the Southern District of Texas.

## III.
## FACTS

1. Plaintiff, **PERFORMANCE SERVICES, INC., ("PSI")** entered into a Consultant Agreement ("the Agreement") with Defendant, **HARMONY BUSINESS CONSULTING, LLC ("HARMONY")**. The Agreement was signed by Defendant on March 4, 2019. The Agreement between the parties contemplated consulting services to be performed by Harmony on behalf of PSI to assist with obtaining certain contracts within Hidalgo County. Defendant, **ANTONIO GONZALEZ, III** identified himself as the "President and CEO" of Harmony and executed the Agreement on behalf of Harmony. Pursuant to Section 1 of the Agreement, the scope of the services to be provided by Harmony was to (a) introduce PSI to decision makers at the agreed-

upon prospective customers; (b) present PSI's business services to said prospective customers; (c) attend public meetings held by these prospective customers; (d) communicate, on behalf of PSI, any services and information to said prospective customers; and (e) educate the decisionmakers of the prospective customers of the value of performance contracting and the unique benefits brought by PSI's services.

2.  In Section 4 of the Agreement, entitled "Compliance with Laws and Prohibited Activities", Harmony warranted to PSI that it was "familiar with the provisions of the State of Texas government lobbying statutes, rules, and regulations and with similar laws of the State and local governments" and that Harmony "*will not do or fail to do anything which would cause [Harmony] or PSI to be in violation of these or any other laws.*" *(emphasis added)*. Should Harmony violate the terms and conditions of Section 4 to the Agreement, it agreed that the violation of its warranty would automatically give "PSI the right to annul this Agreement and to immediately recover from [Harmony] the full amount of any and all compensation paid to [Harmony]."

3.  On April 14, 2022, a Superseding Criminal Information was filed in Cause No. 7:22-cr-00501 in the United States District Court, Southern District of Texas, McAllen Division. *See Exhibit A, Sealed Superseding Criminal Information.* In Count Two of said Superseding Criminal Information, the United States Government alleged that Gonzalez, knowingly and willfully used a cellular phone to engage in bribery, contrary to Title 18, United States Code Section 666 and Texas Penal Code Section 36.02. *See id.* Gonzalez's use of a cellular phone to violate the above-stated provisions of both United States Code and Texas Penal Code was, itself, a violation of Title 18, United States Code, Section 1952(a)(3). On April 18, 2022, Gonzalez pleaded guilty to Count 2 of the Superseding Criminal Information, pursuant to a plea agreement with the United States

Government. *See Exhibit B, Notice of Plea Agreement.* As of this filing, Gonzalez is currently scheduled to be sentenced on December 12, 2022.

4. Defendants' actions were inherently undiscoverable and were purposefully concealed from PSI through deceitful conduct despite PSI's diligence. PSI only discovered the wrongdoing upon Gonzalez's plea of guilty to Count 2 of the Superseding Criminal Information.

5. As a result of the ongoing investigation into criminal activity of public corruption and bribery, as well as the indictments and subsequent guilty pleas, including Gonzalez's plea of guilty, PSI has experienced a backlash of pending and current contracts. Boards have moved to terminate their pending contracts with PSI, moved to cancel contracts that are and/or have been performed on and/or have filed suit against PSI. These actions have had a chilling effect on PSI's business ability to obtain and maintain contracts with entities as described above.

## IV. CAUSES OF ACTION

### A. BREACH OF CONTRACT

1. The preceding paragraphs are incorporated herein as if set forth fully below.

2. Gonzalez's admitted criminal conduct, which occurred in the course and scope of his work with Harmony, represents a material breach of the Agreement. Under Section 4 of the Agreement, Harmony warranted that it would not engage in any conduct that violated the laws of Texas and/or the United States, or cause PSI to be in violation of any state or federal laws. However, pursuant to his plea of guilty to Count 2 of the Superseding Criminal Information, Gonzalez, in the course and scope of his work for Harmony, admitted to doing just that.

3. As a result of Defendants' breach, PSI has been damaged as stated herein and below.

### B. FRAUD

1. The preceding paragraphs are incorporated herein as if set forth fully below.

2. By warranting that it would not engage in any action that would be in violation of state and/or federal laws, Gonzalez and Harmony sought to induce PSI into entering into the Agreement. PSI relied on Harmony's material representations, to its detriment. As a result of Gonzalez's criminal activities, Gonzalez and Harmony knowingly and intentionally violated the terms and conditions of the Agreement.

**C.     TORTIOUS INTERFERENCE WITH CONTRACT**

1. The preceding paragraphs are incorporated herein as if set forth fully below.

2. PSI had valid contracts with entities across the Rio Grande Valley.

3. The Defendants willfully and intentionally interfered with the contracts.

4. The interference proximately caused PSI's injury.

5. PSI incurred actual damages or loss as set forth herein.

**D.     TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

1. The preceding paragraphs are incorporated herein as if set forth fully below.

2. There was a reasonable probability that PSI would have entered into a business relationship with a third person.

3. Defendants intentionally interfered with the relationship.

4. Defendants' conduct was independently tortious or unlawful.

5. The interference proximately caused PSI injury.

6. PSI suffered actual damages or loss as set forth herein.

**E.     NEGLIGENCE HIRING, SUPERVISION AND RETENTION AGAINST DEFENDANT HARMONY**

1. The preceding paragraphs are incorporated herein as if set forth fully below.

2. Defendant Harmony had a duty to hire, supervise, and retain competent employees.

3. Defendant Harmony breached its duty.

4. Defendant Harmony's breach proximately caused PSI's damages.

5. PSI requests for relief are set forth below.

**F.    NEGLIGENCE AND GROSS NEGLIGENCE**

1. The preceding paragraphs are incorporated herein as if set forth fully below.

2. Defendants owed a legal duty to PSI to perform with care, skill, reasonable expedience, and faithfulness. Defendants had a duty to exercise the ordinary care of a reasonable prudent person and/or entity.

3. Defendants breached its duty.

4. Defendants knew or should have known that the actions would injure PSI.

5. Defendants breach proximately caused PSI's damages.

6. Defendants acted with gross recklessness and wanton disregard for PSI's rights. The Defendants' violations were not justified, excused, or privileged.

7. PSI requests for relief are set forth below.

**V.
DAMAGES**

1. As a result of Defendants' actions, errors and omissions, PSI has been damaged within the jurisdictional limits of this Court.

2. PSI hereby incorporates by reference all the foregoing as if fully set forth herein.

3. PSI suffered, and continues to suffer, damages, both general and special, as a proximate result of Defendants' acts or omissions as they are described herein, including:

    (a) any and all amounts paid to Harmony over the course of the contract;

    (b) economic damages;

    (c) actual damages;

    (d) pre-judgment interest, post-judgment interest and court costs; and

    (e) any and all damages PSI may be entitled to by law or in equity.

4. Additionally, pursuant to Section 5 of the Agreement, PSI hereby terminates the Agreement with Harmony due to its material breach, and demands that Harmony immediately return to PSI, at Harmony's expense, all work product and files developed by Harmony under this Agreement, along with any and all materials provided by PSI to Harmony under this Agreement.

5. Pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code, PSI is entitled to an award of attorney's fees, as a result of their having to enforce their rights pursuant to the subject agreement.

## VI.
## DISCOVERY RULE

1. PSI hereby asserts the discovery rule as a defense to any limitation argument that may be presented by the Defendants.

## VII.
## JURY DEMAND

1. PSI demands a jury trial and tenders the appropriate fee with this petition.

## VIII.
## CONDITIONS PRECEDENT

1. All conditions precedent to PSI's claims for relief have been performed or have occurred.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **PERFORMANCE SERVICES, INC.,** requests that Defendants, **HARMONY BUSINESS CONSULTING, LLC, and ANTONIO GONZALEZ, III,** be cited to appear and answer herein as required by law and that upon a full trial, the Court find for Plaintiff and he be awarded all damages they may show themselves entitled to, both at law and in equity, as well as any other relief to which Plaintiff show themselves to be justly entitled.

Respectfully submitted,

**MARTINEZ/TIJERINA, PLLC**

1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
Fax (956) 621-0135

Benigno (Trey) Martinez
State Bar No. 00797011
trey@mbmtlawfirm.com
Tomas F. Tijerina
State Bar No. 24070746
ttijerina@mbmtlawfirm.com

**LAW OFFICE OF ROBERT GUERRA, PLLC.**

By: */s/ Robert L. Guerra, Jr.*
Robert L. Guerra, Jr.
State Bar No. 24036694
1201 E. Van Buren St.
Brownsville, Texas 78520
(956) 254-0694 (Telephone)
E-Mail: rguerra@rguerralaw.com

**Attorneys for Plaintiff,
PERFORMANCE SERVICES, INC.**