UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **PERFORMANCE SERVICES, INC.,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 7:22-cv-00346 |
| **HARMONY BUSINESS CONSULTING, LLC AND ANTONIO GONZALEZ, III,** | § § § § § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Defendants Harmony Business Consulting, LLC ("Harmony") and Anthony Gonzalez, III ("Gonzalez") file this Motion to Dismiss pursuant to Rule 9 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support would respectfully show:

### I. INTRODUCTION

1. Plaintiff Performance Services, Inc. ("PSI") filed its Original Complaint asserting causes of action against Harmony and Gonzalez for (i) breach of contract, (ii) fraud, (iii) tortious interference with contract and business relations, and (iv) negligence and gross negligence. ECF No. 1 §§(IV)A-E. PSI also asserts a negligent hiring, supervision, and retention claim against Harmony. *Id*. §(IV)F.

2. The Court extended the deadline for Defendants to respond to the Original Complaint until November 14, 2022. ECF No. 10. Defendants now timely file this Motion to Dismiss all of PSI's claims for failure to state a claim upon which relief can be granted under

Rule 12, and to dismiss the fraud claims on the additional grounds that they are not pled with the requisite heightened particularity under Rule 9.

## II. FACTUAL ALLEGATIONS[1]

3. On May 4, 2019, PSI entered into a contract for consulting services with Harmony (the "Contract"). ECF No. 1, §(III) ¶1. Harmony's CEO, Gonzalez, signed the Contract in that capacity on behalf of Harmony. *Id*. Harmony and PSI are the only parties to the contract—Gonzalez, individually, is not a party to the contract. *See id*.

4. In the Contract, Harmony warranted that: (i) "*Harmony* was familiar with the provisions of the State of Texas government lobbying statutes, rules, and regulations and with similar laws of the State and local governments;" and (ii) "*Harmony* will not do or fail to do anything which would cause [*Harmony*] or PSI to be in violation of these or any other laws." *Id*. §(III) ¶2 (emphasis added).[2]

5. On April 18, 2022, Gonzalez pled guilty to criminal charges brought against him, individually. *See id*. §(III) ¶3, §(IV) ¶2, Exs. A, B. The criminal information and plea agreement, attached to the Original Complaint, make no reference to Harmony (or to PSI). *See id*. The conduct that formed the basis for the charges occurred on January 18, 2018—more than a year before the parties entered the Contract. *See id*. ¶3, §(IV) ¶2, Exs. A, B.

6. PSI does not allege Harmony or PSI is in violation of "the provisions of the State of Texas government lobbying statutes, rules, and regulations and with similar laws of the State and local governments." Nor does PSI allege that Harmony did anything or failed

---

[1] In considering a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). For purposes of this motion, the Plaintiff's recitations of facts are included for review under this standard but may be disputed should the case proceed.

[2] PSI does not allege that Harmony failed to provide consulting services under the Contract or otherwise dispute Harmony's performance.

2

to do something to cause such a violation. Rather, PSI alleges that Gonzalez's criminal charges and guilty plea were a violation of Harmony's contractual obligations.

7. Asserting contract, fraud, and tort claims against both Harmony and Gonzalez, PSI seeks to recover "any and all amounts paid to Harmony over the course of the contract." *Id.* §(V) ¶3.

### III. ARGUMENTS & AUTHORITIES

**A. Legal standards**

    <u>i.</u>     <u>Rule 12(b)(6) standard</u>

8. A claim must be dismissed if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim cannot survive a Rule 12(b)(6) motion to dismiss unless it contains sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotations omitted). Dismissal is warranted where the pleading offers only "a formulaic recitation of the elements of a cause of action" and "naked assertions" devoid of "further factual enhancement." *Id.* (internal citation and quotations omitted). Further, if the allegations themselves demonstrate that relief is barred, the complaint is subject to dismissal for failure to state a claim. *Farshchi v. Wells Fargo Bank, N.A.*, No. CV H-15-1692, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016).

    <u>ii.</u>     <u>Rule 9 standard</u>

9. Under Rule 9(b), "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). To satisfy this "particularity" requirement, the complaint must set forth, at a minimum, the "who, what, when, where, and how" of the alleged fraud. *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d

899, 903 (5th Cir. 1997).  A plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997). For purposes of pleading scienter, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994).  An inference of fraud must be supported by specific facts.  *Id.*

10. When a fraud-based claim is not pleaded with the requisite particularity under Rule 9(b), the claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim. *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

**B.   The breach of contract claims should be dismissed under Rule 12(b)(6).**

11. PSI claims that Harmony and Gonzalez breached the warranty provisions of the Contract. ECF No. 1, §(III) ¶2.

12. A breach of contract claim under Texas law consists of the following elements: (i) the existence of a valid contract; (ii) plaintiff's performance or tendered performance; (iii) *defendant's* breach of the contract; and (iv) damages resulting from the breach. *De Los Cobos v. Green Tree Servicing, LLC*, No. CV H-15-1983, 2015 WL 12780762, at *2 (S.D. Tex. Nov. 23, 2015).

13. The breach of contract claims against Gonzalez must be dismissed because PSI failed to plead the first element, i.e., the existence of a valid contract with Gonzalez. PSI affirmatively pled that Gonzalez signed the Contract solely in his capacity as "President and CEO," ECF No. 1 §(II) ¶1, which is insufficient to trigger liability against Gonzalez, *see Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 705 (S.D. Tex. 2011)

4

("In Texas, a corporate officer or director may not be held liable for the corporation's breach of contract" absent circumstances not at issue here); *Patterson v. Hous. Auth. of City of Pearsall*, No. CIVASA-05-CA-1155-XR, 2006 WL 2322887, at *12 (W.D. Tex. July 27, 2006) ("In Texas, it is an elementary rule of law that privity of contract is an essential element of recovery in an action based on a contractual theory."). Where, as here, there is no privity of contract and no other theory of liability is alleged, the claim must be dismissed. *Pension Advisory Group, Ltd.*, 771 F. Supp. 2d at 705 (dismissing breach of contract claim against officer who signed contract for corporation); *Patterson*, 2006 WL 2322887, at *12 (dismissing breach of contract claims against non-party to contract).[3]

14. The contract claims, as against both Defendants, should also be dismissed because PSI did not allege facts to support the second or third elements. First, PSI did not allege that it performed or tendered performance under the Contract, and that failure alone is sufficient to warrant dismissal of the claim. *See Martinez v. Wells Fargo Bank, N.A.,* No. SA-12-CV-789-XR, 2013 WL 1562759, at *9 (W.D. Tex. Apr. 12, 2013) ("Plaintiff fails to state a plausible claim for breach of contract because he has failed to allege that either he or the original borrowers performed under the terms of the note." (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

15. Second, PSI did not allege any conduct or failure by <u>Harmony</u> that gives rise the alleged breach. PSI's claim is instead based on factual allegations concerning Gonzalez's conduct only. *See* ECF No. 1 §(IV) ¶2. PSI does not allege that the Contract prohibits any

---

[3] The Original Complaint does not allege that Gonzalez is the "owner" of Harmony but, even if it did, the breach of contract claim against him, individually, would still fail. The Texas Business Organizations Code provides that a company's owner cannot be held liable to the company's obligees with respect to "any contractual obligation of the [company]" absent certain circumstances that are not present, nor even alleged, here. Tex. Bus. Orgs. Code § 21.223(a)(2), (b).

5

type of conduct by any officers or agents of Harmony, yet that is precisely the conduct on which it bases its claim. The Original Complain does not offer any factual basis or legal theory for attributing Gonzalez's conduct to Harmony.

16. Third, even if Gonzalez's conduct could somehow be imputed to Harmony, it still would not be sufficient to allege a breach. The Contract states "Harmony *will not* do or fail to do anything which would cause [Harmony] or PSI to be in violation of these or any other laws." ECF No. 1 §(III) ¶2 (emphasis added). The Contract provision is *forward-looking* because it concerns what Harmony will or will not do in the future, i.e., after the parties execute the Contract, which they did on May 1, 2019. *Id*. §(III) ¶1. Therefore, whatever conduct Gonzalez engaged in on January 18, 2018 cannot be the basis for breach of a contract that only came into existence over fifteen months later (much less a contract to which he is not a party).

17. The only conduct that occurred after the Contract was signed is Gonzalez's guilty plea, which occurred on April 18, 2022. *Id*. §(III) ¶3. But that, too, is legally insufficient to allege a breach. First, as mentioned, Gonzalez is not a party to the Contract and therefore his conduct cannot be the basis for any breach. Second, Gonzalez's act of pleading guilty did not "*cause Harmony* or *PSI* to be in violation" of any laws because: (i) it is undisputed that the conduct that "caused" the alleged violation occurred on January 18, 2018; and (ii) the alleged violation was by Gonzalez, not Harmony or PSI.

18. For these reasons, PSI failed to alleged a breach of contract claim against Gonzalez (a non-party) and against Harmony and those claims should therefore be dismissed for failure to state a claim under Rule 12(b)(6).

    **C. The fraud and negligence claims should be dismissed for several, alternative and independent reasons under Rule 12(b)(6) and Rule 9.**

> i. <u>The fraud, negligence, gross negligence, and negligent hiring/supervision/retention claims are barred as matter of law by the economic loss doctrine.</u>

19. Texas courts have an established "the economic loss doctrine" which bars tort claims when the parties' relationship and their attendant duties arise from a contract. *Turnbow v. PNC Mortg.*, No. 4:12-CV-2835, 2013 WL 5410075, at *5 (S.D. Tex. Sept. 25, 2013) (quoting *Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*, 361 S.W.3d 773 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (stating the economic loss rule "generally precludes recovery in tort when the only economic loss to the plaintiff is the subject matter of a contract"); *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone."). Where the alleged tort damages are economic and arise from claims dependent upon the existence of a contract, the claims are barred. *See id.*

20. That is the case here. In its fraud claim, PSI plead that "Gonzalez and Harmony knowingly and intentionally violated the terms and conditions of the Agreement." ECF No. 1 §(IV)(B) ¶2. As to damages, PSI requested "any and all amounts paid to Harmony over the course of the contract." *Id.* §(V) ¶3. PSI did not identify any other damages apart from those tied to the existence of the Contract.

21. The economic loss rule applies to claims for fraud, negligence, and negligent hiring/supervision/retention. *See De Los Cobos*, 2015 WL 12780762, at *3 (dismissing fraud claims under the economic loss doctrine pursuant to Rule 12(b)(6)); *Diaz v. Deutsche Bank*, No. 5:14-CV-121, 2015 WL 12777392, at *3 (S.D. Tex. Sept. 10, 2015) (same), *aff'd*, 667 Fed. Appx. 468 (5th Cir. 2016); *Turnbow*, 2013 WL 5410075, at *5 (same); *see also R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 710 (S.D. Tex. 2020) (dismissing negligence claim

7

under economic loss doctrine pursuant to Rule 12(b)(6)); *Curtis v. Cerner Corp.*, 621 B.R. 141, 176 (S.D. Tex. 2020) (dismissing negligence and negligent hiring/supervision/retention claims under economic loss doctrine pursuant to Rule 12(b)(6)); *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 288 (Tex. App.—Dallas 2015, no pet.) (holding that plaintiffs "cannot recover on her negligent hiring, supervision, and retention claim because the damages she seeks relate to the contract between" the parties); *Ordonez v. Chase Home Fin.,* No. CV H-13-3664, 2014 WL 12619334, at *2 (S.D. Tex. Feb. 6, 2014) (dismissing fraud and negligence claims under economic loss doctrine pursuant to Rule 12(b)(6)). Therefore, all of these claims should be dismissed for failure to state a claim under Rule 12(b)(6).

22. When claims are barred by the economic loss doctrine, it is appropriate to dismiss them with prejudice. *See R.P. Small Corp.*, 505 F. Supp. 3d at 718 ("The court finds that it would be futile to amend the claims barred by the economic loss rule, as RPS cannot change the fact that generally the duty it contends is owed under those claims is a duty under the alleged contracts."); *De Los Cobos*, 2015 WL 12780762, at *3 (dismissing fraud claims with prejudice and without opportunity to amend where barred by economic loss doctrine); *Greater Ward African Methodist Episcopal Church v. Nationwide Mut. Fire Ins. Co.*, No. CV H-12-3472, 2013 WL 12137780, at *2 (S.D. Tex. Feb. 27, 2013) (same); *Ordonez*, 2014 WL 12619334, at *2 (S.D. Tex. Feb. 6, 2014) (dismissing fraud and negligence claims with prejudice and without opportunity to amend where barred by economic loss doctrine).

      ii.   <u>Alternatively, the fraud claims should be dismissed pursuant to Rule 9 and Rule 12(b)(6).</u>

23. PSI asserts fraud claims against "Defendants" for making "material misrepresentations" in order to "induce PSI into entering the Agreement." ECF No. 1 §(V)(B) ¶2. The Original Complaint does not identify any misrepresentations, and it appears to base

8

the fraud claims on the non-disclosure of the criminal charges against Gonzalez. *See id*. §(iii) ¶4. Even if these claims are not barred by the economic loss doctrine, they are still subject to dismissal under Rule 12 for two additional and independent grounds.

24. First, there is no duty of disclosure between contracting parties, a therefore a fraud by non-disclosure claim is not actionable when a contract governs the parties' relationship. *Vanderbilt Mortg. & Fin., Inc. v. Flores*, CIV.A. C-09-312, 2010 WL 3359551, at *11 (S.D. Tex. Aug. 25, 2010) (citing *Bradford v. Vento,* 48 S.W.3d 749, 755 (Tex. 2001)); *accord Steidl v. BSI Fin. Services,* No. CIV.A. H-12-3324, 2013 WL 1290132, at *4 (S.D. Tex. Mar. 26, 2013) ("Texas law does not recognize a general duty of disclosure between parties contemplating a contract."). Here, PSI affirmatively pleads that it entered into a valid contract with Harmony. ECF No. 1, §(III) ¶1. Absent any other allegations that would impose a duty on Harmony, or on Gonzalez as a third-party to the contract, the fraud claims fail as a matter of law and should be dismissed under Rule 12(b)(6).[4] *See Reveille Trucking, Inc. v. Lear Corp.*, No. 4:14-CV-511, 2017 WL 661521, at *16 (S.D. Tex. Feb. 17, 2017) (dismissing fraud by non-disclosure claims where the source of the duty was not alleged); *Vanderbilt Mortg. & Fin., Inc.*, 2010 WL 3359551, at *11 (same).

25. Second, the fraud claim is not pled with the heightened particularity required under Rule 9. Under Texas law, fraud by non-disclosure occurs when: (i) the defendant concealed or failed to disclose a material fact when a duty to disclose existed; (ii) the defendant knew the plaintiff was ignorant of the facts or did not have an equal opportunity to

---

[4] Although a duty to disclose may arise between contracting parties under certain circumstances, such as where a special relationship of trust and confidence exists prior to and apart from the contract, no such allegations are made here. *Vanderbilt Mortg. & Fin., Inc.*, 2010 WL 3359551, at *11; *see also Guevara v. Lackner,* 447 S.W.3d 566, 578 (Tex. App.—Corpus Christi 2014, no pet.) (identifying circumstances where a duty to speak may arise).

9

discover them; (iii) the defendant failed to make the disclosure with the intent that it should be acted upon by the plaintiff; and (iv) the plaintiff relied on the nondisclosure and was injured as a result. *United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 566 (5th Cir. 2005); *In re CMV*, 479 S.W.3d 352, 362 (Tex. App.—El Paso 2015, no pet.).

26. PSI alleges that Defendants "knowingly and intentionally violated" the Contract, but that is insufficient to support a fraud claim. *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 403 (5th Cir. 2000) ("[A] mere failure to perform a contract is not evidence of fraud.") (applying Texas law). PSI does not identify the basis for any duty to speak (by Harmony or Gonzalez), does not allege Defendants acted with intent to deceive or identify any facts in support, and does not allege that PSI justifiably relied on Defendants' non-disclosure or any facts in support. Minimally, a recital of these basic elements of fraud and the factual basis for them is required to satisfy the heightened pleading standard under Rule 9(b). *See Reveille Trucking, Inc.*, 2017 WL 661521, at *16 (stating that Rule 9 requires plaintiff to allege the "particulars of time, place, and contents" of the omission for a fraud by non-disclosure claim); *Harbert v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. W-13-CV-143, 2013 WL 12130312, at *4 (W.D. Tex. Oct. 15, 2013), *report and recommendation adopted sub nom. Harbert v. Farmers Mut. Tex. Cnty. Ins. Co.*, No. W-13-CV-143, 2013 WL 12130313 (W.D. Tex. Nov. 7, 2013) (dismissing claims where "Plaintiff fails to even allege that a material representation was made by the Defendants, which is the very crux of a fraud claim under Texas law. Plaintiff's complaint is also wholly void of the specific information required under Rule 9(b)'s heightened pleading standard.").

27. Therefore, even if the fraud claims are not barred by the economic loss doctrine and dismissed on that basis, they should be dismissed for failure to state a claim under Rule

12(b)(6) and failure to plead with the requisite particularity under Rule 9. *See id.* (dismissing fraudulent inducement claim under Rules 9 and 12); *Molina v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-4857, 2011 WL 744748, at *2 (S.D. Tex. Feb. 23, 2011) (same); *In re Margaux Warren Park Partners, Ltd.*, No. 08-43388, 2009 WL 5061806, at *6 (Bankr. E.D. Tex. Dec. 15, 2009) (same).

   iii. <u>Alternatively, the negligence and gross negligence claims should be dismissed under Rule 12(b)(6).</u>

28. PSI asserts claims for negligence and gross negligence against both Harmony and Gonzalez. ECF No. 1 §(V)(C), (D).

29. The Original Complaint recites the formulaic elements for these claims, but nothing more. This is insufficient to survive a Rule 12(b) challenge. *Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2018 WL 9869532, at *7 (E.D. Tex. Aug. 10, 2018) ("Plaintiffs' claim for gross negligence does little more than merely restate the elements of the cause of action. Plaintiffs have not alleged facts to establish intent or recklessness or any specific facts related to objective or subjective awareness."); *Molina v. Nationwide Prop. & Cas. Ins. Co.*, 2011 WL 744748, at *2 ("Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure.").

   iv. <u>Alternatively, the negligent hiring, supervision, and retention claim should be dismissed under Rule 12(b)(6).</u>

30. The Original Complaint recites the elements for a negligent hiring, supervision, and retention claim against Harmony, but it does not allege any facts in support. ECF No. 1 §III(E). This is insufficient to survive a Rule 12(b)(6) challenge. Indeed, courts have dismissed claims with much more factual detail than those alleged here. *See, e.g., Cobos v. Bluefin Water Sols., LLC*, No. 21-CV-00072-DC-DF, 2022 WL 847235, at *5 (W.D. Tex. Mar. 22, 2022),

11

*report and recommendation adopted*, No. 21-CV-00072-DC, 2022 WL 2720854 (W.D. Tex. Apr. 6, 2022); *Cavazos v. Bettis*, No. SA-20-CV-00761-XR, 2020 WL 6325728, at *4 (W.D. Tex. Aug. 25, 2020).

### D. The tortious interference claims should be dismissed under Rule 12(b)(6).

31. The Original Complaint recites the elements for claims for tortious interference with an existing contract and tortious interference with business relations, but nothing more. Such conclusory allegations are insufficient to survive dismissal under Rule 12(b)(6). *DM Arbor Court, Ltd. v. City of Houston*, No. CV H-18-1884, 2021 WL 4926015, at *34 (S.D. Tex. Oct. 21, 2021) ("These "conclusory statements," which are little more than "[t]hreadbare recitals of the elements," do not suffice to allege proximate cause, and, therefore, to state a claim of tortious interference."); *see also Molina*, 2011 WL 744748, at *2 ("Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure.").

### E. Conclusion.

32. The Court should dismiss with prejudice PSI's claims for fraud, negligence, gross negligence, and negligent hiring/supervision/retention because they are barred as a matter of law by the economic loss doctrine and any amendment would be futile. Alternatively, these claims should be dismissed for failure to state a claim under Rule 12(b)(6) and/or Rule 9. The breach of contract claims should also be dismissed under Rule 12(b)(6).

## IV. PRAYER

For the forgoing reasons, Defendants respectfully request that the Court grant this motion, dismiss Plaintiff's claims as requested herein, and award Defendants any such other relief to which they may be entitled at law or in equity.

Dated: November 14, 2022.

              Respectfully submitted,

              **DAVIS & SANTOS, PLLC**

            By:  */s/ Caroline Newman Small*
              Jason M. Davis
              **Attorney-In-Charge**
              Texas State Bar No. 00793592
              Southern District No. 20114
              Email: jdavis@dslawpc.com
              Caroline Newman Small
              Texas State Bar No. 24056037
              Southern District ID No. 1429596
              Email: csmall@dslawpc.com
              719 S. Flores Street
              San Antonio, Texas 78204
              Tel: (210) 853-5882
              Facsimile: (210) 200-8395

              ***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I certify that on the 14th day of November 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                                                /s/*Caroline Newman Small*
                                                Caroline Newman Small